IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:21-cv-00130 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| I.C.E. (US) INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. No. 34, "Motion"), supported by a memorandum of law (Doc. No. 35, "Memorandum in Support"). Defendant has not responded.

Via the Memorandum in Support, Plaintiff requests the Court to (1) enter default judgment in favor of Plaintiff and against Defendant on all counts, and (2) order Defendant to reimburse Plaintiff for its defense costs totaling $99,090.40. For the reasons discussed herein, the Court will grant Plaintiff's Motion.

## PROCEDURAL HISTORY

The suit arises from a November 7, 2018 incident of alleged carbon monoxide poising at the Westin Hotel at 807 Clark Place in Nashville, Tennessee. (Doc. No. 1 at 1). The incident happened while Defendant was covered under a liability insurance policy issued by Plaintiff.[1] (*Id*.). The incident led to four personal-injury lawsuits filed against Defendant and other co-defendants,

---

[1] The insurance policy number is CA000025794-02 and the policy period was from November 15, 2017 through November 15, 2018. (Doc. No. 1 at 1).

as well as an additional indemnity, contribution and negligence lawsuit filed against Defendant by co-defendants. (*Id.*). Plaintiff is currently defending Defendant in the underlying lawsuits under a reservation of rights to deny coverage. (*Id.* at 2).[2]

On February 18, 2021, Plaintiff filed suit against Defendant for (i) declaratory judgment – pollution exclusion, (ii) declaratory judgment on other terms, (iii) breach of contract, and (iv) unjust enrichment. (Doc. No. 1). Specifically, Plaintiff's complaint notes that it filed the present lawsuit to "gain a judicial determination that the [ ] Policy does not obligate [Plaintiff] to defend or indemnify [Defendant] from the Underlying Lawsuits, as well as to recoup defense costs spent in the event the Court determines that [Plaintiff] does not cover the claims alleged." (*Id.* at 2). But the complaint did not identify any particular figure for the amount of defense costs Plaintiff sought to recover, and instead asserted, indefinitely, that Plaintiff was entitled to recover "such damages, costs, fees, interest, or other relief as the Court may order or the law may require." (*Id.* at 10).

A summons was issued to Defendant on February 22, 2021. (Doc. No. 6). On March 16, 2021 the Clerk's Office filed on the docket a letter it had received the previous day; the letter was from Sean Clancy, identified as the principal representative of Defendant, and acknowledged receipt of the summons and fulminated "that this civil action is a futile attempt by [Plaintiff] to renege on their contractual obligation to cover a claim . . . for the Westin Hotel incident." (Doc. No. 10 at 1-2). Plaintiff moved to strike Defendant's letter. (Doc. Nos. 11, 12). In an order dated April 21, 2021, the Magistrate Judge elected not to strike the letter and directed the Clerk to terminate Plaintiff's motion without prejudice and without a substantive ruling thereon. (Doc. No. 13). Though technically not striking the letter, the Magistrate Judge declined to give the letter any

---

[2] The allegations set forth in this paragraph are taken from Plaintiff's complaint (Doc. No. 1) and accepted as true for purposes of the instant Motion.

legal effect as an answer or other properly pled response to the complaint and ordered Defendant to retain counsel and answer or otherwise respond to the complaint within fourteen days of entry of that order. (*Id.*). This effectively rendered the letter a nullity—appropriately so, in the view of the undersigned.

Thereafter, no counsel entered an appearance on behalf of Defendant, and Defendant did not respond to Plaintiff's complaint. On May 6, 2021, Plaintiff filed a Motion for Entry of Default pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.01. (Doc. No. 16). On June 11, 2021, the Clerk denied Plaintiff's application for entry of default without prejudice noting that Plaintiff had not met its burden. (Doc. No. 20). Specifically, the Clerk noted that "Plaintiff may have, in fact, properly served Defendant with service; however, the record is void of any evidence that Defendant was served in a manner authorized by Rule 4(h)." (*Id*. at 3). Plaintiff then resubmitted the summons and submitted an affidavit from the process server noting that it served the summons, complaint, and accompanying exhibits on Defendant on February 23, 2021. (Doc. Nos. 22, 22-1).

Plaintiff subsequently renewed its application to the Clerk for entry of default on June 18, 2021. (Doc. No. 23). The Clerk issued an order for Plaintiff to show cause why it had not or could not serve Defendant by serving the Tennessee Secretary of State. (Doc. No. 27). On August 11, 2021, Plaintiff reissued its summons to Defendant in care of Tennessee Secretary of State. (Doc. No. 25). That summons was returned fully executed on August 17, 2021. (Doc. No. 28). Plaintiff responded to the show cause order on August 25, 2021 noting that "[o]n August 16, 2021, the Alias summons, together with the complete record from this lawsuit, was personally served upon the Tennessee Secretary of State [ ], resulting in Plaintiff's full compliance with the [Clerk's] Show Cause Order and proven service upon [Defendant]." (Doc. No. 29 at 2).

The Clerk granted Plaintiff's Motion for Entry of Default on September 11, 2021. (Doc. No. 30). Plaintiff filed the Motion on October 1, 2021. (Doc. No. 34).

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs entry of judgment by default. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). Once a default has been entered by the clerk, the plaintiff's well-pleaded allegations are deemed admitted. *See, e.g., Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). The plaintiff may then request entry of default judgment by either the clerk or by the court, as the case may be, depending on the specificity of the plaintiff's claim. Fed. R. Civ. P. 55(b).

More specifically, when the plaintiff's claim is for a sum certain, the clerk "on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). A default judgment may be entered without a hearing unless it is necessary to determine the amount of monetary damages. *Id*. The court must exercise "sound judicial discretion" when determining whether to enter the default judgment. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2685 (3d ed. 1988); *see also Applebaum v. Target Corp.*, No. 11-cv-15035, 2015 WL 13050014, at *1 (E.D. Mich. Sept. 10, 2015).

## ANALYSIS

The Motion is brought under Rule 55(b)(2) and asks the Court, rather than the Clerk, to enter default judgment. This is appropriate, because this is indeed a request governed by Rule 55(b)(2) rather than Rule 55(b)(1) because Plaintiff does not seek judgment for a "sum certain"

within the meaning of Rule 55(b)(1). As the First Circuit has cogently explained, citing applicable case law:

> In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default. *See, e.g., Reynolds Sec., Inc. v. Underwriters Bank & Trust, Co.,* 44 N.Y.2d 568, 406 N.Y.S.2d 743, 378 N.E.2d 106, 109 (1978) ("The term 'sum certain' in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments."); *see also Interstate Food Processing Corp. v. Pellerito Foods, Inc.,* 622 A.2d 1189, 1193 (Me.1993) ("Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof.").

*KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19–20 (1st Cir. 2003). This is not such a case, both because the monetary relief Plaintiff requests is in an amount that is by no means necessarily indisputable and because Plaintiff's complaint requests not just monetary relief but also declaratory relief.

But to say that Plaintiff is not seeking an award of damages in a "sum certain" is not to say that the Court must hold a hearing to ascertain the amount of damage to be awarded on the (monetary) claim on which the plaintiff has prevailed by default. On the contrary, as the Sixth Circuit has noted:

> . . . Rule 55(b)(2) provides that the district court "*may* conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." (Emphasis added.) This provision, by its terms, allows but does not require the district court to conduct an evidentiary hearing. *See Fustok v. ContiCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir.1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

*Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009). "Proof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, but a hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to

establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 1:09–CV–193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009);

Via the Motion, Plaintiff requests this Court to enter default judgment against Defendant because "(1) [Defendant's culpable conduct led to entry of default; (2) [Defendant] does not have a meritorious defense to [Plaintiff's] claims; and (3) [Plaintiff] will suffer prejudice if forced to pay for [Defendant's] defense despite the terms and conditions of the [ ] insurance contract." (Doc. No. 34 at 1).

Obtaining default judgment is a two-step process. Fed. R. Civ. P. 55. Plaintiff has already satisfied the first step by requesting (and obtaining) entry of default from the Clerk (Doc. Nos. 23, 30). Fed. R. Civ. P. 55(a). Plaintiffs have two avenues to choose from at the second step of the process depending upon the nature of the case and the plaintiff's requested relief, as discussed above. In this case, Plaintiff has properly moved to the second step pursuant to Fed. R. Civ. P. 55(b)(2) by requesting this Court to grant default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Given the entry of default (Doc. No. 30), the Court will accept as true those allegations in the complaint asserting liability that are "well-pleaded." But that raises the question of when allegations concerning liability are considered "well pleaded" and when they are not; it also brings into focus the principle that not all allegations of liability are sufficient to support a default judgment. On these issues, one district court in this circuit has explained:

> "[a] defendant's default does not itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleading for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 15 F.2d 1200, 1206 (5th Cir.1975). "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the [default] judgment." *Alan Neuman Productions, Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir.1988). *See also Conetta v. Nat'l Hair Care Centers, Inc.,* 236 F.3d 67, 76 (1st Cir.2001) (noting that a defaulted defendant "may still contest a claim on the ground that the complaint does not add up to the elements of a cause of action").

*Dalmayer v. Michigan*, No. 08-12784, 2009 WL 1378322, at *2 (E.D. Mich. May 14, 2009). This means that a claim, to be "well pleaded," must at least satisfy "Rule 8(a) of the Federal Rules of Civil Procedure [, which] sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*

Here, Defendant has failed to respond to the Motion (or even make any appearance in this case, for that matter). However, the Court still finds it important to address the plausibility of Plaintiff's allegations. Upon thorough review of the record of the case, the Complaint, and Plaintiff's Motion and Memorandum in Support, the Court concludes that the allegations of liability underlying Counts I-IV of the Complaint are well pleaded in that they satisfy Rule 8(a). Among other things, these allegations comply with the pleading standards set forth in the bellwether cases of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Court therefore accepts those allegations as true and finds that they establish entitlement to relief on each of the four counts: (i) declaratory judgment – pollution exclusion, (ii) declaratory judgment on other terms, (iii) breach of contract, and (iv) unjust enrichment. (Doc. No. 1).

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (citation omitted).[3] But to say that unliquidated damages (like those Plaintiff claims here)

---

[3] The First Circuit has explained, in the Rule 55(b) context:

> "'Liquidated' means adjusted, certain, settled with respect to amount, fixed. A claim is liquidated when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law."[10] *Farm Family Mut. Ins.,* 501 S.E.2d at 791 (quoting *Hallett Constr. Co. v. Iowa State Highway Comm'n,* 258 Iowa 520,

must be proved is not to say that they must be proved *at an evidentiary hearing*; as discussed above, in some cases, damages that must be sought via Rule 55(b) can be awarded by the court without an evidentiary hearing.

This is just such a case. The Court concludes that an evidentiary hearing is unnecessary in light of Plaintiff's Memorandum in Support (Doc. No. 35) and Plaintiff's Declaration of Mindie Bittner (Doc. No. 35-1), which specifies the damages Plaintiff is claiming. Accordingly, the Motion will be granted without an evidentiary hearing, especially (but not only) considering the fact that the Court has no reason whatsoever to believe that Defendant (or counsel for Defendant) would appear at an evidentiary hearing in any event.

## **CONCLUSION**

For the reasons stated herein:

(1) Plaintiff's Motion for Default Judgment against Defendant (Doc. No. 34) is **GRANTED**; and

(2) a separate default judgment, substantially in the form of the proposed order filed by Plaintiff (Doc. No. 34-2) shall be issued granting Plaintiff judgment it the amount of its established defense costs, *i.e.*, $99,090.40.

---

139 N.W.2d 421, 426 (1966)). The classic example is an enforceable liquidated damages clause in a contract. *See* 22 Am.Jur.2d Damages § 683. Another example would be a delinquent tax assessment.

*KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 n.10 (1st Cir. 2003). The court further explained that "[s]ome courts and commentators appear to use the terms 'sum certain' and 'liquidated claim' interchangeably," while others do not. *See id. Like this First Circuit in* KPS & Assocs.*, this Court "need not definitively delineate the respective ambits of the terms 'sum certain' and 'liquidated claim.'" Id*. Rather, "[i]t is enough for [the Court] to conclude that [Plaintiff]'s claim is neither one." *Id.*

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE